JOHNSON, Judge
(dissenting):
I cannot agree with the majority of this Court in affirming the final judgment in *18 this case. Since the affirming opinion of the majority is in essence a Per Curiam affirmed (P.C.A.) one, I register my dissent with the following opinion, to wit:
Appellant Buell A. Strickland seeks reversal of a supplemental final judgment which awarded him and appellee an undivided one-half interest in and to 95 acres of land-situated in Wakulla County. Ap-pellee also is not satisfied with the final judgment and claims that there has been no equal distribution of the estate in question.
Appellant and appellee were both sons of T. A. Strickland, Sr. who, during his life, acquired 350 acres of land in Wakulla County and a house in Tallahassee. In 1952, the elder Stricklands conveyed 160 acres of this land to their son Tillis, appel-lee herein. Mr. Strickland, Sr. died intestate in 1961, and in 1962, Roger Strickland, the parties’ brother, received 95 acres by warranty deed. This constituted Roger’s one-fourth share in his father’s estate. Mrs. Strickland died in 1968 and Marjorie Kelly, her daughter, received the house and lot in Tallahassee, as all agreed was her share of the estate. This left only 95 acres in Wakulla County remaining undistributed, and it is over this 95 acre parcel which the present controversy arose.
The record discloses that appellee prepared a deed for all the heirs to sign conveying the remaining 95 acres to himself. Allegedly, appellee offered to convey to appellant 80 acres “on the back side” if he would sign the deed. Appellant refused to sigh said deed and brought the present suit to set aside the conveyance of the 160 acres to appellee and for a declaration of rights as to the remaining 95 acres.
By its final judgment, the trial court denied appellant’s prayer to declare invalid the conveyance of the 160 acres to appel-lee, and the remaining 95 acres was deemed to be held by appellee impressed with a resulting trust in behalf of appellant to the extent that he receive an equitable share in the estate property. The court reserved jurisdiction to consider further equities if the parties themselves could not resolve them. Upon motion by appellant, the trial court thereafter entered a supplemental final judgment which adjudged that the parties, appellant and appellee herein, shall each own an undivided one-half interest in and to the remaining 95 acre parcel of land. It is from this final distribution that both appellant and appellee are aggrieved and this appeal ensues.
Appellant claims that while Roger received his share of the estate, 95 acres, and Marjorie received her share of the estate, the property in Tallahassee, appellant has received nothing from his father’s estate. He further claims that the offer by appel-lee to give appellant 80 acres was a recently contrived statement. It is suggested that the conveyances to Marjorie and Roger were voluntary partitions and that the remaining 95 acres, in equity, belong to appellant.
Appellee claims that he has received nothing from his father’s estate. It is asserted that he, his brother Roger and his sister Marjorie attempted to arrange a fair and equitable division of the estate, but negotiations broke down when appellant refused to sign the deed conveying the 95 acres to appellee in exchange for 80 acres “on the back side”. Appellee agrees with appellant that, as the judgment of the lower court now stands, there has been no equal distribution of the estate because Roger, and possibly Marjorie, have received more than their share.
It is obvious from the transcript of testimony, and the trial judge so recognized, that the issues and disputes apparent in this case involve deep emotional animosities prevailing between the brothers, appellant and appellee. While the trial court twice attempted to reach an equitable solution to the problem, such attempts have failed apparently due to the harsh feelings that the parties herein have toward each other. I am of the opinion that, in light of the circumstances and the fact that neither *19 party is satisfied with the supplemental final judgment, this cause should be reversed and remanded with directions that all the heirs affected be joined and all of the assets of the estate be administered and divided in the manner as provided by Florida’s laws of descent and distribution. I do not here hold that the trial judge was at fault in his attempt to reach an amicable and just solution to the issues in this case. I simply hold that because of the facts involved herein, both legal and emotional, the only proper, just and equitable manner of disposing of the property of the estate is to divide it in the manner as provided by law.
I, therefore, would reverse and remand with directions as set forth hereinabove.